UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PC CONNECTION, INC., <br> d/b/a CONNECTION <br><br> Plaintiff, <br><br> v. <br><br> PETER SILLICH <br><br> Defendant | CIVIL ACTION NO.: <br> 1:22-cv-00524-LM |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Peter Sillich, (hereinafter "Defendant"), by and through his undersigned counsel, hereby moves this court to enforce the settlement agreement reached by counsel for the parties on January 11, 2023. In support of this motion the Defendant states as follows:

### FACTUAL BACKGROUND

1. Immediately following removal of this matter to the United States District Court for the District of New Hampshire on November 18, 2022, PC Connection, Inc., d/b/a Connection (hereinafter "Plaintiff"), represented by Christopher H.M. Carter (hereinafter "Attorney Carter") and Defendant, represented by the undersigned Michael J. Lambert (hereinafter "Attorney Lambert) engaged in settlement negotiations related to Defendant's alleged breach of a restricted covenant with Plaintiff. *See Declaration of Michael J. Lambert*, at ¶¶ 3, 4, filed herewith as Exhibit 1 (hereinafter "*Lambert Declaration* at ¶___.").

1

2.      These discussions initially involved negotiations over which clients on Plaintiff's customer list would be subject to the restrictive covenant Defendant signed while employed by the Plaintiff, and which would be carved out from those restrictions. *Id.* at ¶ 5.

3.      On January 5, 2023, Attorney Carter made a settlement proposal that contained no carve-outs from the restrictive covenant at issue. *Lambert Declaration* at ¶ 6. Instead, Connection's settlement proposal contained three essential terms:

- a. For a period of 18 months running from the consummation of this agreement, Mr. Sillich would have no direct or indirect contact with any of the accounts assigned to him at the time of the termination of his employment. I earlier provided you a list of those accounts.

- b. Connection will receive a cash payment of $45,000 to cover its attorney's fees, costs, and damages.

- c. The settlement terms would be incorporated into a proposed stipulated order for approval by the Court.

*Id.* (see **Exhibit A** to *Lambert Declaration*).

4.      By email dated January 6, 2023, Attorney Lambert informed Attorney Carter that Defendant agreed to terms a) and c) of Plaintiff's settlement offer but that Defendant did not have the means to make a payment of $45,000 to Plaintiff. *Id.* at ¶ 7.

5.      Attorney Carter responded on January 10, 2023, indicating that his client contact has been traveling and that he was unable to speak with Plaintiff about Defendant's response to his settlement proposal until that day. *Id.* at ¶ 8.

6.      After speaking with both Attorney Carter and Defendant, Attorney Lambert emailed Attorney Carter on January 11, 2023. *Lambert Declaration* at ¶ 9. In that communication, Attorney Lambert conveyed Defendant's counteroffer to pay $5,000 within 10 days. *Id.* (see **Exhibit D** to *Lambert Declaration*).

7. Attorney Lambert also reiterated Defendant's previous agreement to have Plaintiff's proposed preliminary injunction order become a final order of the Court, and suggested that the lawyers hold any releases in escrow until the injunction expires. *Id*.

8. Attorney Carter responded by email the same day, stating that "[w]e agree to the $5k," thus confirming agreement on the final open term of the settlement agreement. *Id*. at ¶ 10 (see **Exhibit F** to *Lambert Declaration*).

9. After agreeing to this settlement, Attorney Carter claimed, without providing any proof, that Defendant had continued to solicit Plaintiff's accounts during their settlement negotiations. Attorney Lambert responded refuting Plaintiff's unsubstantiated claims. *Id*. at ¶ 11.

10. In response to Attorney Carter's threats to bring forward the motion for preliminary injunction and to file a motion for fees, Attorney Lambert emailed Attorney Carter on February 6, 2023. *Lambert Declaration* at ¶ 12. In that email, Attorney Lambert reminded Attorney Carter that Defendant had agreed almost a month earlier to stipulate to Plaintiff's request for injunctive relief. *Id*. In a final effort to resolve the dispute, Attorney Lambert conveyed Defendant's offer to pay an *additional* $5,000 over what the parties had previously agreed and reiterated the other terms of the parties' previous agreement. *Id*.

11. Attorney Carter's only response was to cause Plaintiff to file its Motion for Entry of Order on Preliminary Injunction (Doc. 12) and Motion for Contractual Award of Fees Incurred to Obtain Preliminary Injunction (Doc. 13). *Id*. at ¶ 13.

## ANALYSIS

12. "Settlement agreements are contractual in nature and, therefore, are generally governed by principles of contract law." *Poland v. Twomey,* 156 N.H. 412, 414 (N.H. 2007). Like a contract, a "valid enforceable settlement requires offer, acceptance, consideration, and a meeting of the minds." *Id.* (citing *Durgin v. Pillsbury Lake Water Dist.,* 153 N.H. 818, 821 (2006). "A meeting of the minds occurs when there is mutual assent to the essential terms of the contract; that is, the parties have the same understanding of the essential terms of the contract and manifest an intention to be bound by the contract." *Id.* When reviewing a settlement agreement, there is a "strong public policy favoring the settlement of civil matters." *Hogan Family Enters., Ltd. V. Town of Rye,* 157 N.H. 453, 456 (N.H. 2008).

13. The facts in this case demonstrate that both Plaintiff and Defendant had the same understanding on the three essential terms of the settlement agreement. Attorney Carter laid out Plaintiff's settlement proposal in detail, specifically identifying the terms as (a), (b), and (c). Attorney Lambert's response, which mirrored the same labeling of Plaintiff's essential terms, explicitly communicated Defendant's agreement to Plaintiff's "terms a) and c)."

14. As to term "b)" of Plaintiff's settlement proposal, Attorney Lambert indicated that the Defendant "does not have the ability to pay anything…" *Lambert Declaration* ¶ 7. As of January 6, 2023, therefore, both parties had the same understanding of two essential terms of the settlement agreement; "terms a) and c)," but there was no meeting of the minds on the remaining essential term of the agreement; "term b)," the dollar amount Defendant would pay to Plaintiff.

15. On January 11, 2023, however, Attorney Carter and Attorney Lambert had a meeting of the minds on that final term of the settlement agreement. Attorney Lambert proposed that the Defendant pay Plaintiff $5,000 and asked Attorney Carter to "please let me know ASAP if we've got an agreement." Attorney Carter responded to Defendant's counteroffer by stating "We agree to the $5k." Id. at ¶¶ 9, 10.

16. Attorney Carter's words, conveyed on behalf of his client, that "[w]e agree to the $5k" can indicate nothing other than an agreement to bind Plaintiff to the sole essential term left to be negotiated. With those words, counsel for both Plaintiff and Defendant had a meeting of the minds on all essential terms of the settlement agreement proposed by the Plaintiff.

17. Plaintiff's sudden and unjustified decision to move forward with the preliminary injunction motion and motion for award of damages, and failure or refusal to honor the terms of the parties' agreement, is a breach of that agreement. "A breach of contract occurs when there is a failure without legal excuse, to perform any promise which forms the whole or part of a contract." *Poland*, 156 N.H. at 415, (citing *West Gate Village Assoc. v. Dubois*, 145 N.H. 293, 298, 761 A.2d 1066 (2000)).

18. Defendant requests an order of specific performance of the parties' settlement agreement. The suitability of affording equitable relief rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. *Poland*, 156 N.H. at, 415 (2007) (citing *Gutbier v. Hannaford Bros. Co.*, 150 N.H. 540, 541, 842 A.2d 64 (2004)).

19. The jurisprudence in New Hampshire strongly favors enforcement of settlement agreements made by authorized attorneys acting on behalf of their clients.

*Poland,* 156 N.H. at 416 (citing *Halstead v. Murray*, 130 N.H. 560, 564-65, 547 A.2d 202 (1988);*Waters v. Hedberg*, 126 N.H. 546, 552, 496 A.2d 333 (1985)).  An equitable decree by this Court is justified under the circumstance and necessary to provide the parties with exactly what they bargained for under the settlement agreement.

## CONCLUSION

20.     The Plaintiff and the Defendant, by and through their attorneys, had the same mutual understanding of the essential terms of the settlement agreement and both parties manifested an intention to be bound by those essential agreed upon terms.  This created a valid and enforceable settlement agreement. Plaintiff breached that settlement agreement by proceeding with its motion for a preliminary injunction against the Defendant.  The only remedy for this breach is an Order from this Court enforcing the terms agreed upon by the parties.

## LOCAL RULE CERTIFICATIONS

21.    Pursuant to Local Rule 7.1(a)(2), a memorandum of law is unnecessary as citations to supporting authorities are contained herein.

22.    Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that a good faith attempt has been made to obtain concurrence in the relief sough in this motion, but that he was unable to connect with Plaintiff's counsel prior to filing this motion.

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

- A.  Find that the parties settlement negotiations resulted in a valid and enforceable settlement agreement;

- B. Enforce the parties' settlement agreement by ordering specific performance of the agreement as negotiated and agreed to on January 11, 2023;

C. Dismiss the Plaintiff's Complaint against the Defendant with prejudice; and

D. Grant such other relief as is necessary and just.

Respectfully submitted,

**PETER SILLICH**

By his attorneys,

**SHEEHAN PHINNEY BASS & GREEN, PA**

Dated: February 23, 2023

*/s/ Michael J. Lambert*
Michael J. Lambert, N.H. Bar No. 11310
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street
Manchester, New Hampshire 03105
Tel: (603) 668-0300
mlambert@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A copy of the foregoing has also been sent electronically to Plaintiff's counsel of record at:

Christopher H.M. Carter, Esq.
Hinckley, Allen & Snyder LLP
650 Elm Street, Suite 500
Manchester, NH 03101
Tel: (603) 225-4334
ccarter@hinkleyallen.com

*/s/ Michael J. Lambert*
Michael J. Lambert